Patel v. Lynch

BIA
Segal, IJ
A200 941 679

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand sixteen.

PRESENT:
 DENNIS JACOBS,
 PETER W. HALL,
 RAYMOND J. LOHIER, JR.,
  *Circuit Judges.*

_____

CHANDRAKANT PARSOTTAMDAS PATEL,
  *Petitioner,*

 v.                                    14-4424
                                       NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER:         Rakhvir Dhanoa, New York, New York.

FOR RESPONDENT:         Benjamin C. Mizer, Principal
                        Deputy Assistant Attorney
                        General; Francis W. Fraser,
                        Senior Litigation Counsel;
                        Christina J. Martin, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chandrakant Parsottamdas Patel, a native and citizen of India, seeks review of an October 28, 2014, decision of the BIA, affirming an April 4, 2013, decision of an Immigration Judge ("IJ") denying Patel's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chandrakant Parsottamdas Patel,* No. A200 941 679 (B.I.A. Oct. 28, 2014), *aff'g* No. A200 941 679 (Immig. Ct. N.Y. City Apr. 4, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other

2

record evidence "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Patel was not credible as to his claim that Congress Party members in India attacked him on account of his membership in the Bharatiya Janata Party.

The agency reasonably relied on an inconsistency between Patel's testimony that there were no elections in 2010, which was the year he was purportedly attacked, and his friend's statement that Patel's attack occurred just weeks after elections.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67.  When Patel was confronted with this inconsistency, he changed his testimony, stating that there were elections held in September 2010, or one month after he was attacked in August 2010.  However, this testimony created an inconsistency with his friend's affidavit as to whether Patel was attacked before or after the 2010 elections.  *See Xiu Xia Lin*, 534 F.3d at 166-67.

Patel's testimony was also inconsistent with his friend's affidavit as to whether his friend was harassed by the Congress Party.  Patel did not provide a compelling explanation for this

3

discrepancy.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Furthermore, the agency reasonably found Patel's additional corroborating evidence insufficient to rehabilitate his credibility.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  There is no merit to Patel's contention that the agency should have provided him additional time to present a corroborating statement from his wife (who remains unharmed in India), particularly given that he obtained affidavits from his friends in India during the more than two years he was in proceedings before the IJ.  *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) ("[T]he alien bears the ultimate burden of introducing such evidence without prompting from the IJ.").

Given the inconsistency and corroboration findings, substantial evidence supports the agency's adverse credibility determination.  *See Xiu Xia Lin*, 534 F.3d at 165-66.  That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5